EDWIN S. MUNROE

*v.*

THE STATE OF ILLINOIS.

*Opinion filed October 5, 1898.*

RENT OF ARMORY—*when claims will not be allowed.* When a claimant for additional rent on a building let by him as an armory has signed vouchers or receipts for the amount of the rent regularly, which vouchers were sent to the Auditor as a basis for the warrants which he was to draw money upon, his claim for additional rent will not be allowed.

This was a claim filed March 15, 1885, by Edwin S. Munroe, for a supposed balance for rent of armory. The claimant alleges he was the owner of a building in Joliet on the corner of Chicago and Clinton streets, the third story of which was used for an armory for company "B," 3d Infantry, formerly 4th

Infantry, which was rented November 1, 1883, and was occupied by said company from that time up to the filing of this claim at an annual rental of four hundred dollars per year.

The evidence shows it was paid annually by Captain F. A. Jackson, commanding the company, which sum the evidence discloses was mostly derived from the State of Illinois on warrants of the Auditor.

It also appears in evidence that from November 1, 1889, to January 1, 1893, five hundred dollars was claimed as rent, when the claimant was notified that no more than four hundred dollars annually would be paid. The deficiency claimed is $216.00 on a basis of five hundred dollars per year from January 1, 1889, to January 1, 1893. The rental was with Captain Jackson and the deficiency period claimed is from July 1, 1890, to January 1, 1893.

The evidence discloses claimant was paid for that period as follows:

| | |
|---|---|
| January 1, 1891 | $200.00 |
| August 17, 1891 | 200.00 |
| March 25, 1892 | 234.00 |
| October 19, 1892 | 200.00 |
| February 20, 1893 | 200.00 |
| Total | $1,034.00 |

The evidence discloses that vouchers or receipts for the amount of the rent were signed by claimant for his pay regularly. These vouchers were sent to the Auditor as a basis for the warrants which he was to draw money upon. These receipts were required in advance in triplicate which claimant was required to sign, and claimant when he signed these vouchers knew precisely what he was being paid from the State for the use of his armory.

Claimant in his evidence, however, states he received money collected by Captain Jackson from outside sources to pay additional rent to make up the deficiency.

Claimant in his evidence states that he did not expect Captain Jackson or company "B" to be personally liable for his rent, and states that practically all the money due for rentals came through warrants from the Auditor of Public Accounts.

The evidence shows that claimant has receipted the State in full for the period of time claimed and that his vouchers then placed on file were introduced covering the identical period claimed by the claimant, showing conclusively that he has been paid in full by the State all that he is entitled to. We are therefore of opinion the award should be denied.